874 F.2d 454
 Gail S. McDONALD, Plaintiff-Appellant,
v.
James J. KRAJEWSKI, individually and in his capacity as
Judge of the Lake County Court, Division III, and
James Danikolas, as Chief Judge of the
Lake Superior Court,
Defendants-Appellees.
 No. 88-3190.
 United States Court of Appeals,
Seventh Circuit.
 Argued March 30, 1989.
Decided May 5, 1989.
 
 Ivan E. Bodensteiner, Valparaiso, Ind., for plaintiff-appellant.
 David A. Arthur, Office of the Atty. Gen., Indianapolis, Ind., for defendants-appellees.
 Before CUDAHY and EASTERBROOK, Circuit Judges, and HENLEY, Senior Circuit Judge.*
 EASTERBROOK, Circuit Judge.
 
 
 1
 When James J. Krajewski, a Republican, was appointed judge of the Lake County (Indiana) Court, he replaced many of the employees who had been hired by his predecessor Orval Anderson--a Democrat who is currently a guest of the federal government, following his conviction for perjury. United States v. Anderson, 798 F.2d 919 (7th Cir.1986). The employees responded with suits under 42 U.S.C. Sec. 1983, contending that Krajewski's reshaping of the workforce violated the First Amendment. Several of these cases have gone to judgment. Two public defenders recovered actual and punitive damages (over the defense that the discharge had been motivated by Anderson's conviction rather than the employees' politics); we thought the conclusion not clearly erroneous and affirmed. Kurowski v. Krajewski, 848 F.2d 767 (7th Cir.1988). Efforts by Krajewski to obtain indemnity from the county were rebuffed and have made their way back here, Kurowski v. Krajewski, No. 89-1417. Another public defender lost before a jury, and the appeal was resolved by another panel of this court. Fisher v. Krajewski, 873 F.2d 1057 (7th Cir. 1989). We have still a third case.
 
 
 2
 McDonald was a civil clerk at a satellite office of the court in New Chicago, Indiana. On the recommendation of his chief judge, Krajewski closed all of the satellite offices and consolidated administrative functions in Crown Point. McDonald does not contend that the decision to close the office was motivated by inadmissible considerations. Krajewski did not consider McDonald for employment at Crown Point and did not hire another employee to do her old work (which was distributed among existing personnel); he used her "slot" on the personnel budget, though, to hire Silvia Miller, who spends most of her time administering the court's traffic docket--duties McDonald did not have in New Chicago. Both McDonald and Miller are members of the Democratic Party. McDonald nonetheless contends that Krajewski discriminated against her based on her "association" with Anderson, a status that Krajewski concedes is protected by the First Amendment. (We do not decide whether this concession was prudent.) The district court granted judgment for Krajewski at the end of McDonald's case, see Fed.R.Civ.P. 41(b), finding that McDonald's affiliation with Anderson was not a substantial cause of Krajewski's refusal to hire her as the traffic clerk.
 
 
 3
 When McDonald's job evaporated for reasons she does not contest, Judge Krajewski had no duty under state law to consider her for the new (traffic) position at Crown Point, and he had none under federal law either. McDonald says that the traffic clerk's position is really the same job she held, but the district court concluded otherwise on adequate evidence. It is a common observation in employment discrimination cases that when the employer legitimately abolishes a position, its occupant must compete against others for any remaining employment. An employer need not accommodate the desire of its employee to stay on in another post or grant a preference in consideration. Oxman v. WLS-TV, 846 F.2d 448, 455-57 (7th Cir.1988); Kast v. Fulton Industries, Inc., 842 F.2d 331 (6th Cir.1988); cf. Tomczak v. City of Chicago, 765 F.2d 633, 643 (7th Cir.1985). The decision is functionally a new hire. The employer cannot resort to criteria such as race and sex put off-limits in hiring decisions, but it may act as if competing claims to the job were being resolved from scratch--which they are here, for McDonald had no better claim than Miller to the position of traffic clerk in Crown Point. Once Krajewski closed the New Chicago office, McDonald was no different from any other applicant for employment. If Krajewski took politics into account in making his choice between McDonald and Miller, he acted within the limits set by the First Amendment. Rutan v. Republican Party of Illinois, 868 F.2d 943 (7th Cir.1989) (en banc).
 
 
 4
 At all events, the district court found that although "Judge Krajewski indicated that ... he may have considered [McDonald's] relationship to former Judge Anderson, this was not a substantial or motivating factor in his decision not to retrain or retain" McDonald. The testimony in question was:
 
 
 5
 Q ... [W]ith Gail McDonald having to be moved from New Chicago to Crown Point you felt no obligation; however, had it been some employee that you had brought into the Court, you might well have wished to retrain that person, is that correct?
 
 
 6
 A That certainly is true.
 
 
 7
 Q You might have certainly inquired--you would have inquired as to whether they could do the other job, is that correct, an employee that you had brought in?
 
 
 8
 A Right.
 
 
 9
 Q So the fact that she happened to work for Judge Anderson was the critical deciding factor that prevented you from asking her whether she could do a traffic job or from wishing to retrain her or from taking any of those other steps, is that correct?
 
 
 10
 A I wouldn't put it that way.
 
 
 11
 Q How would you put it?
 
 
 12
 A I would say the fact is that I didn't hire her. I didn't know her, and, quite frankly, I didn't have any predisposition to get to know her, and I felt it was more important as far as getting in a situation where I could run a Court the way I wanted to. I figured it was much more important to get people that I hired in there that would be loyal to me and would work for me and I thought it was an opportunity to get one of those people aboard.
 
 
 13
 Plaintiff treats this as a smoking gun. It is not. Judge Krajewski said that he wanted his friends in office, not that he wanted Judge Anderson's associates out. Judge Krajewski's testimony could support an inference that McDonald hadn't a chance even if she had been the campaign manager of the Governor who appointed him. The district judge concluded that McDonald's relationship to Judge Anderson--as opposed to her lack of acquaintance with Judge Krajewski--was not a "substantial ... factor" in Krajewski's decision. The finding is not clearly erroneous. Cf. Rakovich v. Wade, 850 F.2d 1180, 1188-92 (7th Cir.1988) (en banc). As McDonald does not contend that her politics (other than her support for Anderson) led to Krajewski's decision not to hire her as traffic clerk at Crown Point, the district judge as trier of fact was entitled to enter judgment under Rule 41(b) at the close of McDonald's case. Ekanem v. Health & Hospital Corp., 724 F.2d 563, 568 (7th Cir.1983); Gaballah v. Johnson, 629 F.2d 1191, 1200 (7th Cir.1980).
 
 
 14
 AFFIRMED.
 
 
 15
 CUDAHY, Circuit Judge, concurring in the judgment.
 
 
 16
 I believe the judgment may be affirmed on the basis of the factual finding of the district court that McDonald's association with Anderson was not a substantial or motivating factor in her job loss. The evidence in support of this finding seems less than overwhelming, but I believe the finding may stand.
 
 
 
 *
 Honorable J. Smith Henley, of the Eighth Circuit, sitting by designation